# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN A. WIMBERLY | CIVIL ACTION NO. 06-1118-LC |
| VS. | SECTION P |
| CRAIG PEARCE, ET AL | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff John Wimberly's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis*. Wimberly is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and is presently incarcerated at the C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana. Plaintiff is currently serving a 22 year prison sentence and has been in the continuous custody of the LDOC since 1989. Plaintiff names CPP Captain Craig Pearce, CPP Major Herbert Ragle, CPP records custodian Jan Cole, and CPP Warden Steve Tanner as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims herein revolve around a letter written by plaintiff which arguably contains derogatory statements about prison guards. More specifically, plaintiff states that on February 24, 2006, he was sent to see defendant Pearce, who informed him that two inmates were found reading the referenced letter. Due to the content of the letter, Pearce ordered that plaintiff be placed in administrative segregation. Pearce also issued a disciplinary report against

plaintiff wherein it was noted that plaintiff admitted to having many copies of the letter in his locker, and that he had passed out the letter to other inmates on the compound. Plaintiff was charged with violating Rule 30(k), which prohibits the communication of malicious, frivolous, false, and/or inflammatory statements or information, the purpose of which is reasonably intended to harm, embarrass, or intimidate an employee, visitor, guest or inmate. Shortly after the incident, plaintiff was brought before the disciplinary committee, which was chaired by defendant Ragle and of which defendant Cole served as a member. The committee found plaintiff guilty of the charged violation and imposed forfeiture of 180 days of good time as well as a custody change to maximum security working cell block. Plaintiff appealed the decision to PCC Warden Tanner, who found sufficient evidence for the charge noting that the facility has a penological interest in preventing an inmate from promoting disobedience, violence or unrest in a prison setting. However, citing an improvement in plaintiff's behavior, the Warden suspended both penalties for 90 days. Plaintiff states that he was released from the working cell block on March 31, 2006. Plaintiff appealed the Warden's decision to the Secretary of the Department of Public Safety and Corrections, who concurred with the decision of the disciplinary board and the Warden, and denied plaintiff's appeal.

As a result of the above actions, plaintiff claims that the defendants violated his First Amendment right to free speech, as well as his "Fourteenth Amendment due process right to have a disciplinary decision based on 'some evidence.'" [Doc. #1-3, p. 5]. As relief, plaintiff seeks: a declaratory judgment that the defendants violated his First Amendment rights; a declaratory judgment that defendants violated his Fourteenth Amendment due process rights; punitive damages against each defendant for the violation of his constitutional rights; nominal

damages against the defendants for $129.99 for each day that he spent in administrative segregation and working cellblock; and, an injunction preventing defendant Tanner from maintaining any disciplinary reports or findings concerning defendant Pearce's February 24, 2006 disciplinary report in plaintiff's prison record.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

### Disciplinary Proceedings & Loss of Good Time

As previously stated, plaintiff was written up by defendant Pearce for violating Rule 30(k), which, among other things, prohibits the communication of inflammatory statements about prison employees. After a disciplinary hearing, plaintiff was found guilty and sentenced to forfeiture of 180 days of good time as well as a custody change to a maximum security working cell block. Both penalties were later suspended, with plaintiff spending about a month under the change to the working cell block. Plaintiff argues the decision to convict him of rule violation 30(k) was made without any evidence, thus, the resulting punishment was imposed without due process of law in violation of his Fourteenth Amendment rights.

To the extent that he seeks damages for the loss of good time credit and/or constitutional

violations which allegedly occurred during the disciplinary proceedings, his claim is not cognizable under § 1983 and should be dismissed as frivolous and for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2).

The Supreme Court has held that a plaintiff in a 42 U.S.C. §1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court has extended *Heck* to prison disciplinary proceedings like the one in question here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding. See *Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(*en banc*); *Coleman v. Wortham*, 252 F.3d 436 (2001).

Because plaintiff's assertion that he was wrongfully convicted of the prison disciplinary charge in question would necessarily imply the invalidity of his disciplinary conviction and sentence, and because plaintiff has not shown that the disciplinary proceedings have been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of *habeas corpus*, his civil rights claim is premature and must be dismissed with prejudice until the requirements of *Heck* have been satisfied.[1] See *Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at

---

[1]Such dismissals are "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

486-87.

**Freedom of Speech**

Plaintiff also complains that the disciplinary actions taken by defendants violated his First Amendment right to freedom of speech and to participate in the free flow of ideas with others. This contention is without merit. Although prison inmates do not shed all constitutional rights at the prison gate, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." See, *Sandin* at 485, quoting *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed. 2d 629 (1977), quoting *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 93 L.Ed. 1356 (1948). Thus, "the exigencies of prison administration justify . . . more stringent restrictions on prisoners' speech and association than would be permissible on the outside." *McNamara v. Moody,* 606 F.2d 621, 623 n. 3(5th Cir. 1979). As an example, in *Adams v. Gunnell*, 729 F.2d 362, 367-68 (5th Cir.1984), a prison disciplined inmates for collaborating in a prison-wide petition. While recognizing that prisoners may exercise a variety of First Amendment rights, the court reasoned, nevertheless, that where internal grievance procedures are available, a prison may proscribe the use of internally circulated petitions if it believes they contain the potential for inciting violence. *Id.* at 368 (citing *Jones*, 433 U.S. at 128, 97 S.Ct. at 2539). *Adams* confirms the prison administration's authority to circumscribe the manner in which criticism is exercised. Thus, prison officials may legitimately punish inmates who verbally confront authority without running afoul of the First Amendment. See *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir.1993) (recognizing that a "prison has a legitimate penological interest in punishing inmates for mocking and challenging correctional officers by making crude personal statements about them...").

Plaintiff's First Amendment claims are clearly without merit.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 31, 2006.


ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE